Hello, good morning, Mr. Allen. May I please have a quorum? Yes, you have one minute reserved for rebuttal, and I'm sorry to hear you have the flu. I appreciate you making yourself available, even though you're not feeling well. Thank you. I appreciate the fact that the court will allow me to appear by Zoom. Go ahead. You can proceed whenever you're ready. So, I bring two questions. The first one is,  two basic issues here, first of all, regarding the standing of the plaintiff to pursue this case. It's a foreclosure case, as the court knows, governed by New York's law, and the Uniform Commercial Code, section 3-202-subdivision 2, provides that when an endorsement of a note is made by a loan, that is, it is not on the note itself, then that document must be firmly affixed to the note. In this particular case, there were five assignments, or six assignments, and there was one paper which indicates that the affixation is made at the last so-called assignment. That indicates that the other deliveries of the note, or transfers of the note, were not, that the belongings were not firmly affixed, and the first delivery, or transfers of the note, was not firmly affixed. Then there was no assignment. Once the first so-called assignee did not receive the note because there was no firmly affixed allowance, of course, the other transfers were invalid because the first transferee did not have the pass. Well, Mr. Rosengarten, let me just ask you to take a step back first. At the time of the lawsuit, I think it's undisputed that all of the endorsements were, you put in a declaration saying that they were all attached, correct, to the note? That's not undisputed. There was one attached. Right, but they were all there. They were all there. Right. At the time of the filing of the lawsuit. At the time of the filing of the lawsuit, there was one. Right, they were all there, but the mere fact that there was only one staple that clearly indicates that that affixation was made with the last assignment. So therefore, when the first transfer was made, there was no valid assignment because the affixation of the allowance is an integral part of the assignment. What document would you like to have seen attached to the complaint? What would be the form of that particular document? It's not what was attached to the complaint. I personally examined the document. Well, attached to the complaint, there's a presumption of ownership and that the current person who has the document is the holder of the note. But it may be that, which I guess what you're saying is that if you're going to attach the note, you've got to attach each separate allowance that's fixed to a note by a staple or something that makes it permanently fixed. Is that what you're saying? Well, it's not the attachment to the complaint. I wouldn't call it a presumption. I would say it's prima facie evidence of possession of the note. However, that prima facie case can be overcome, and this case is overcome not by our submissions, but a plaintiff's own submissions. Plaintiffs showed me the documents with one staple. They only showed that the first transfer was not a valid assignment. But all of the allowances were affixed to the note, but just with one staple. But the point I'm making is this. When the first transfer was made, that allowance had to be affixed to the note. It clearly was not because there was only one staple. That's if it's going to be—you could rely on that as evidence, but it's not the only source of evidence, correct? I mean, the allowances are supposed to be attached, but if you have uncontrovertible, independent evidence in the form of affidavits and the notes, the allowances that are attached, that are there, reflect the entire transaction all the way back to the beginning, there's another way in which you can prove that you're either a holder or an assidee, right? I want to say two things about that. First of all, there's no affidavit from the original holder of the note saying how this is transferred to the second holder. There's no affidavit in the record. Well, isn't that transfer indicated on the note itself? Because the allowances only kicked in twice, and there were five different transfers. The allowance is there, but again, as I said, the ECC requires that it be firmly affixed, meaning in order to effectuate a valid assignment, it must be affixed. Well, couldn't it be affixed by a clip? Why does it have to be a staple? I don't know if it could be affixed by a clip. I don't know if a clip is firmly affixed. The word in the statute is firmly affixed. There's no case, you can cite me a case under New York law in the history of New York where all of the endorsements have been present and attached at the time of the lawsuit, and yet a New York court dismissed for lack of standing because there was a missing staple hole at some earlier point in time. There's no case. In fact, there's a case to the contrary. LNV Corp v. Allison, the second department, rejected this argument in that case. So what are you relying on to suggest that if there's not a staple hole, they lack standing? What New York case? Well, it's not a staple hole. The question is whether it's firmly affixed. I'm saying the first transfer is not firmly, the law is not firmly affixed to the note, and therefore all the other transfers. I'm sorry. Go ahead. Go ahead, Judge. I'm sorry. I'm wondering whether the Bayview Loan Servicing v. Kelly case is on all fours with this case insofar as the issue was whether an earlier transfer in the chain that got to the ultimate plaintiff had their launch firmly affixed. Am I right that that's the case that's most closely on all fours with this or am I misunderstanding the significance of that case? That is the case that I cited, the Bayview v. Kelly, which I think is quite similar to the Ensign case. I cited that in my brief. Now, the purpose of the allonge being firmly affixed in the law is to prevent fraud occurring by somebody just slipping in a piece of paper with a signature on it and somehow it gets into the chain. But here, each time that there was an allonge, it indicated the full terms of the transaction and who was the recipient of the note, who authored the note, and so forth. So all the information that was necessary for transfer was included except for the firmly affixed of some of the allonges. But there's no claim of an ineffective or improper transfer or defect other than that. Is that fair to say? Well, that may be the underlying policy, but the cases indicate that the statute is to be strictly construed and it's to be interpreted exactly as it's written. There's no case I know that said the course of policy considerations, we will go outside of the wording of the statute. The district courts thought so in this case, but there's no case in the appellate, and I cited quite a number of them. All of those cases just rely on the wording of the statute, and of course it's a cardinal rule of statutory construction that when interpreting a statute, you first go to the wording. And there's no case that says, well, we're going to, like, be more flexible because this is the policy. There's no New York case saying that. Well, you're suggesting when the statute says firmly affixed, you're saying it has to be a staple rather than some other way of firmly affixing something. But let me just ask you about the second point. No, no, no. I'm sorry. I'm sorry. I didn't say that. It can be firmly affixed in other ways. In this case, there's no indication that it was firmly affixed in any way. There's no affidavit of anyone that shows that it was firmly affixed in any manner whatsoever. All right. Let me just ask you about the second issue real quick. You're trying to raise a challenge to the service of the notice of default, but under New York law, it says if you're not a party to either the note or the mortgage, you act standing. That's Bank of New York, Mellon, and other cases, too. So can you just explain how you get around that? There are other cases. For example, I cited a case regarding the default. If the original borrower defaults and the plaintiff does not move for a default within a year, the original borrower can move to dismiss the case. And the appellate has held that a successor in interest can also move to dismiss the case. But that is certainly a personal offense. That is a personal offense that you're going to get if the borrower defaulted and the other courts have allowed it. Now, the extent there is a case that seems to go the other way, the extent of the conflict among the cases, I would suggest that this is something that the court can show in front of the New York Court of Appeals to resolve that conflict. All right. All right. Thank you. We'll hear now from Mr. Weinberg. Good morning, Your Honors. May it please the Court, Seth Weinberg, the appellate in quotiable 1850 LLC. Your Honor, there are two issues before the Court, which were previously discussed with my adversary. The first issue is standing. And as Your Honor stated, and applied to something that my adversary had stated, this Court has been clear. It was in 1077 Madison Street v. Daniels. It's a 2020 site. That a fixing of the no acne allonges with endorsements to a complaint at commencement was a plaintiff's way of establishing standing in a foreclosure case under New York law. Again, that's 1077 Madison Street v. Daniels. But he's saying that each step of the way has to have the same firmly official allonge to it at the end. And you didn't have it firmly affixed to the prior allonges. You had one affixation, if you will, one staple to cover all the allonges. And there was no indication of the other documents that were under it that they had ever been firmly affixed, or they didn't have staple marks, maybe because of the copies that weren't showing, I don't know. They didn't have affixation in addition. And so I think that you have to argue then, don't you, that one affixation at the end is sufficient. But suppose at the end there was one affixation, and that allonge was perfectly regular, but the earlier allonges didn't have any information other than signatures. It's just black pieces of paper with nothing, no reference to the note, no reference to the underlying transaction. Would that be sufficient? Your Honor, in regards to your first point, with the multiple staple argument that's being made, I'm not aware of any case law coming out of any court in New York that references that there has to be an individual staple or an individual paperclip, as Your Honor was talking about, for each allonge itself. The case law and precedent that I'm aware of, and that I know that this Court has previously embraced, is that at commencement, the allonges need to be firmly affixed to the note itself. Can I ask, I'm sorry, I am confused about that. So let me go back to the statute itself. NYUCC 3202 says, an endorsement must be written by or on behalf of the holder and on the instrument or on a paper so firmly affixed thereto as to become a part thereof. Putting aside staples and other things, are you disputing that firm affixation is a necessary condition for an effective negotiation of a negotiable instrument here? No, Your Honor, I'm not disputing that point. All I'm saying is that the Court has embraced the precedent that a point in time that is important in terms of making a foreclosing plan of standing is the point of commencement. So it would be at commencement. All right, but courts haven't said that the validity of the negotiations along the way is irrelevant, right? There's this broad proposition that you either show valid assignment or that you're a holder before commencement. But if you're a holder and it's not a bearer note, it wasn't endorsed in blank, it's a payable to the order of, you still have to prove, if challenged at least, that the process by which that was negotiated to you was in fact valid under the UCC. Am I missing something or is it your view that it doesn't matter if any of the links in the chain are valid if facially you have a series of alongers that you've been affixed to the note at the time of commencement of the action? Your Honor, I wouldn't say it doesn't matter. I wouldn't say that we affixed the alongers to the note. What I would say is that it's a very high standard to hold a foreclosing plaintiff or any other note holder to be able to establish each individual transfer or each individual affixation of the amount. And that, I believe, is why this Court and the courts in New York have stated that the time frame that is important in terms of the foreclosing plaintiff establishing a standing is the moment of commencement. Yeah, I think there might be an apples and oranges problem from my perspective. I understand that you can't come up later and say, now I have the document, or now there's an assignment. The state of affairs at the time you commence the suit has to be that you've got the valid standing to bring the suit. But I don't understand. Can you point me to a New York case that says it doesn't matter if there was an invalid negotiation along the way? You can assert that you can pursue foreclosure on the basis of a note and mortgage, even if when challenged, without responding to the negotiations along the way. Your Honor, I can't point you to a specific case that stands for that principle. The cases that I can point you to, coming out of the Second Department in New York in the Appellate Division, talk about how each individual transfer of the note, the circumstances of each individual transfer, do not need to be specifically discussed or factually represented in support of a motion for civil judgment by a foreclosure plaintiff. So another way of looking at it would be that if you have them, at the time of the lawsuit, attached properly with the declaration establishing that, that's sufficient to establish standing, unless there's contrary evidence to create an issue of disputed fact. And the situation here would be that the lack of staple marks is not sufficient to raise a genuine issue of material fact as to whether or not they were properly attached. Yes, Your Honor. That's correct. So wait a minute. Now, this is a different theory. Your theory is not that it doesn't matter. Your theory is that, yes, it may well matter if it was properly negotiated along the way. But the fact that there is only one staple isn't enough to create a disputed issue of fact. Is that actually what the theory is? I think there will be two theories here, Your Honor. One would be create a triable issue of fact for the denial of our underlying motion for summary judgment. I would say that, certainly, it's not enough to raise a triable issue of fact under New York law and also under this Court's precedent concerning the affixment of the homages at commencement. In terms of, ultimately, a dismissal, then the dismissal motion, I would say that it would be my adversary's burden, in this case, or any defendant defending a foreclosure action, to firmly establish that those homages were not affixed prior to the trial court being able to then dismiss the foreclosure action. Here, the homages were established to have been affixed to denote a commencement. My adversary actually inspected the note and observed that the homages were affixed by a staple. So I would say, Your Honor, that there's no triable issue of fact. And, in turn, that the appellant, in this case, failed to establish that there was a standing issue for a dismissal to occur. I still don't understand. There's no triable issue because there may have been other things affixing the homages along the way that have now dropped off because somebody substituted with a staple. Or there's no triable issue of fact because it doesn't matter if they were free-floating before. Those are two very different legal theories. And I think I'm hearing both. And I guess I need to understand which. I would say it doesn't matter, Your Honor, because there's nothing that's established that they weren't firmly affixed before. But if they had an affidavit from someone who was there at the time of a transfer that said, I was there, I was in the room, and there was nothing attached. Your Honor, I would say that that would be sufficient evidence to raise a triable issue. Right. So it does matter. Let's go back to Judge Robinson's question. It does matter whether or not they, under New York law, they have to be firmly attached at the time of the transfer. Correct? Under New York law, under the section she cited, 3-202, subsection 2, when the note's transferred, the note must be properly endorsed, which can be done by a longe, so long as it's firmly affixed. Right? So if there was evidence to create a factual issue, whether or not at the time of a particular transfer it was firmly affixed or not, that would be an issue, right? It would be, Your Honor, but there's no evidence. Okay. All right. So we're not afraid to impose some sort of policy judgment that that requirement is overly onerous and inconsistent with the purposes of the statute, and therefore we're not going to apply it here. That's not your theory. Your theory is that, yes, if the defendant had raised a genuine issue of fact as to whether or not each allonge was affixed to the note as it passed through the chain, then we would have a genuine issue of fact for trial, and then we can debate amongst ourselves whether or not the staple observation is enough to create that dispute, but that becomes the pivot point of this case. Is that... Am I understanding that right? Yes, I would agree with you, Your Honor, and I did not mean to create any confusion. I was really pointing to this case law that comes out of the Second Department in the Health Division in New York, which talks about how a foreclosing plaintiff has established a standing verdict by affixing the allonges to the endorsed note at commencement, and that is the end of the inquiry unless, as Your Honor stated, there is some sort of admissible evidence that is brought into the forefront by the defendant to raise some sort of a tribal issue. Again, here, that is not taking place. If the note has no other... There aren't... There isn't some sort of folder binder or some other... Let's pretend for a minute that a paperclip was allowed, but I think we've got case law that says that's not actually enough. If that was still attached and then there was a staple for the last round, then we wouldn't have a dispute, but why isn't the observation that there's no evidence of removal of staples, of prior staples? I mean, maybe the answer to this dispute is you come back with evidence that the trier of fact believes that there was, in fact, an affixation each step along the way before, and for whatever reason, it's been swapped out for this staple at the last stage, but why doesn't that become the factual issue for the trier of fact beyond this advertisement stage? Well, Your Honor, in terms of your first point about the paperclips, the law concerning paperclips comes out of the Second Department Health Division in New York, and again, it's not... It's dicta for this court. It's not precedent. It's not binding. I'm not aware of any case out of the New York State Court of Appeals which talks about how a paperclip cannot be used to affix an emotional instrument. So here it is... So does the official comment to the New York UCC matter to us where it specifically says that New York is following the decisions that say a separate paperclip to an instrument is not sufficient for negotiation? Are we to ignore that? No, I wouldn't say we were to ignore that. I was just saying that that has not been put in place by the court affirmatively, stating that that is the precedent that's been filed. That argument's been made many, many times in the appellate division, in all the appellate divisions, and it hasn't been embraced by the Second Department. I don't believe it's been embraced by the First Department. Has it been rejected by the First Department? No, I don't believe it's been rejected. I'm not sure if it's been considered. So is there any New York court that has said notwithstanding official comment number three to the New York UCC, we think that clipping a separate allonge to an instrument is sufficient for negotiation? No, not that I'm aware of. Do you see a difference between the question here, which is standing, and winning the suit in terms of what may have to be proven later in the trial? Do you follow me? In other words, if there's separate allonges that have to be fixed, can it be cured by witnesses or an affidavit that attests to the fact that there was an allonge firmly affixed to each? There was an allonge firmly affixed to each, no? I would say, ultimately, that that could be cured at trial if necessary. As Your Honor stated, affidavits from potential witnesses. This is standing. Yeah, business records, potentially. If we were to go down that road, I think the courts in general have been hesitant to go down that road. And I think, in terms of, again, in terms of what the set standard has been, we've established a frame of action. It seems hard for me to understand why this would be the end of the lawsuit if there are no, if the intermediate allonges are not fixed, but they're present, and they are fixed generally when the complaint is filed by one staple, because there are ways to prove or disprove what happened after that. It's just a question of standing at the outset. And if the affidavit is sufficient, plus the paper submissions as well, to create maybe not enough to just outright win the case, but enough to allow proof to be made later on, that that should be enough. Because suppose you have 20 allonges, and this note has been negotiated 20 times or so. And guess what? Some of the allonges have fallen off in the process, or time has gone by, and the document is not 100% perfect. But it can be established that all of these various transactions were negotiated by other means. Then it seems to me that an affixation at the end of the day could be read to satisfy the rule, but that it would not necessarily automatically lead to you winning. Does that make sense? It does, Your Honor. And I'd say in this case, there hasn't been enough race in such a tribal respect. But I would agree with your point, Your Honor, that again, it would not be in the lawsuit because we could essentially go to trial or a district court judge might ask for a submission of additional affidavits and affirmations and things of that nature to establish the exception and the affixation if necessary. So is it your position, I mean, I assume you've looked into this, and I realize the record we have is the record we have, but is it your position that you would be able to present the court with evidence that it was properly affixed through the course of negotiation? And if so, why in the world didn't you present that evidence to the court in the context of this motion? Your Honor, in terms of the initiative, this court has all dealt previously in terms of prima facie establishment of a standard. We have complied with that burden in terms of the affixation of the elongus to the no commencement. Now in terms of any additional evidence that would need to be established, potentially it would need to be some sort of a renewal or re-argument motion that would need to be made, or maybe it would be at the district court judges under his authority to permit for submission of additional affidavits or affirmations. But when we're talking about standing, we're evaluating whether there's standing according to the measure of evidence that's required at each stage of the litigation. So to get past standing at the allegation stage, at the filing the complaint stage, you just have to have plausible allegations. Once you get to the summary judgment stage, you have to have enough evidence to at least create a tribal issue of fact as to whether or not there's standing. And then if you create a tribal issue of fact, then you get to the evidence you're hearing and the evidence gets presented and the court makes a factual determination. And so we have, I think, the state of the evidence is that there is evidence of only a single staple in the pile of alloges attached to the note. Now, either that does create a genuine issue, or it doesn't, but if it creates a genuine issue, I guess I'm wondering whether it does more than create a genuine issue, whether it puts the burden on you to present some evidence supplying the alternate theory as to how things were affixed or the ultimate facts other than by staples. Your Honor, the Appellate Inspector Department has said that it does not create a genuine issue or a tribal issue of fact. That's the precedent that I would rely on here. Tell me which, I'm sorry, because I'm looking at the Bayview Loan Servicing case and that seems to me that there was a tribal issue of fact as to whether the loan was so firmly affixed at an earlier stage of the negotiation. What's different about that case? So, Your Honor, in Bayview, it appeared that the foreclosing plaintiff may have provided the court with multiple different copies of the note, the copies themselves. The court held that it looked like there may be different versions of the note. So the tribal issue of fact was ultimately, do you have the original note? Have you presented us with the actual original note? It wasn't so much an issue of staples itself. So why did the court say in the present case there is a tribal issue of fact as to whether the note was properly endorsed in blank by an Allonge quote, so firmly affixed thereto as to become a part thereof, it came into possession of Wells Fargo, which later endorsed the note to the plaintiff. And then they cite UCC 32022. That strikes me as suggesting that the affixation was the critical factor. Because, Your Honor, in that case, the foreclosing plaintiff had earlier provided a different, what appeared to be a different copy of the endorsed issue to the court. So the court in that case was looking at the different copies of the note, saying, which one is the original copy? And was the Allonge affixed to said original copy? It wasn't so much an issue of the individual staple on a properly provided original to the court. Right. No, I understand at that level of granularity. But the fact is the court cared whether or not, A, it cared whether or not in a prior link in the chain, the Allonge had been properly affixed. And in the face of a dispute as to that fact, it said that's a tribal issue. Your Honor, the court in that case looked at both copies of the note that were reportedly presented as originals and ultimately found that there was a tribal issue of fact because they were uncertain which copy of the note was actually the correct copy of the note that was provided, whether the plaintiff actually had the correct copy of the note. And in that case, whether that correct copy had an Allonge affixed, the Allonge was affixed to it. Here, there's only been one copy of the note that's been the original that's been provided the entire way through the litigation. My adversary actually came to our office and inspected the note and saw that all those, that the three Allonges were affixed to the note that had the three stamped endorsements on its face. All right. So the case goes the same. All right. Thank you. Mr. Rosengarten, you have one minute in rebuttal. Yes. Thank you. There is no affidavit or any other evidence presented by the plaintiff that the prior Allonges were affixed in any manner, even by a paper fledge. There's nothing at all. They didn't have any affixation whatsoever. So that's a critical point. With respect to the Baby and Kelly case, I just want you to get, I asked you this question before, but I just want you, any case in New York where an Allonge   where an issue of fact has been created by the lack of multiple staples. In any case.  Bayview loan servicing was charged as such. No, we just, okay, we just discussed Bayview, but I want to give you a different case. Mabe Hotel Investments, where the challenge was that they didn't provide evidence that the Allonges were stapled to the note and the First Department said last year that that was not sufficient to create a material issue of fact where they had submitted an affidavit that the Allonges    that established that they were stapled to the note at the time of the filing. It's not necessarily a question of stapling. As I said, it may be, I'm sure there are other ways of permanently affixing something to the note. In this case, there was no affixation whatsoever, not even a paper clip. So you think they have to have, they supply an affidavit from each person along the way that it was affixed, notwithstanding the lack of a paper clip, I mean, a lack of a staple, it was affixed at each one of those transfers. They have to put in affidavits from someone at the time? Necessarily. If they could produce the actual documents, each one that was affixed, that would be sufficient. All right. All right, thank you. We'll reserve the decision. Thank you. Have a good day.